UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 14-00541-JVS (DFMx) | Date | December 21, 2015 |
|---|---|---|---|
| Title | Sharaf v. Starbuzz Tobacco, Inc. | | |

| Present: The Honorable | Douglas F. McCormick | |
|---|---|---|
| Terri Steele | | n/a |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| n/a | | n/a |

**Proceedings:** (In Chambers) Order re: (1) Defendant Starbuzz Tobacco, Inc.'s Motion to Compel Further Responses to Interrogatories, Set Three (Dkt. 57); (2) Plaintiff Salim Elhalwani's Motion to Compel Payment of Costs for Sharaf Deposition (Dkt. 56); and (3) Plaintiff Salim Elhalwani's Motion for Sanctions Against Defendant Sharaf and Counsel (Dkt. 58)

### Defendant's Motion to Compel Interrogatory Responses (Dkt. 57)

Starbuzz Tobacco, Inc. ("Starbuzz") moves for an order compelling Hani Sharaf ("Sharaf") to provide supplemental responses to Starbuzz's Interrogatory Nos. 21 and 22. Starbuzz's supplemental memorandum acknowledges that Sharaf served an amended response to Interrogatory No. 21 four days before Starbuzz's motion was filed. See Dkt. 59 at 2. Starbuzz's supplemental memorandum also indicates that Sharaf served an amended response to Interrogatory No. 22 on the same day Starbuzz's motion to compel was filed, and that this amended response "effectively rendered the substantive issues of the Motion to Compel moot." Id. Starbuzz nonetheless seeks sanctions against Plaintiff and his counsel "to deter continued abuses of the discovery process." Id. at 3.

In some circumstances, sanctions may be warranted where a party complies with a discovery demand after a motion is filed but before the motion is heard. See Fed. R. Civ. P. 37(a)(5)(A). Here, however, the Court finds that the filing of the motion occurred before Starbuzz attempted in good faith to obtain the discovery sought without court action. See id.

Starbuzz's motion to compel is accordingly DENIED as moot, and each side shall bear its own attorney's fees and costs.

///
///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 14-00541-JVS (DFMx) | Date | December 21, 2015 |
|---|---|---|---|
| Title | Sharaf v. Starbuzz Tobacco, Inc. | | |

### Plaintiff's Motion to Compel Payment of Deposition Costs (Dkt. 56)

Salim Elhalwani ("Salim") seeks an order compelling Sharaf to pay the costs incurred to conduct Sharaf's deposition by videoconference. Specifically, Salim seeks to recover $7,450 in costs associated with a videoconference deposition. Salim also seeks sanctions against Sharaf and his counsel for the "discovery misconduct" of forcing Salim to obtain a Court order compelling the payment of such costs.

Citing the maxim "what is good for the goose is good for the gander," Salim argues that Sharaf should pay the videoconference costs associated with his deposition because Starbuzz was ordered to pay the costs of Wael Elhalwani's deposition when his deposition was taken by videoconference. In Salim's view, the situations are analogous. Sharaf argues that they are "completely different," principally because Salim's service of Sharaf's deposition notice did not give Sharaf enough time to arrange travel to the United States, and because Starbuzz had in fact offered to pay the videoconference costs of Wael's deposition.

The Court agrees with Sharaf that the attempt to analogize Sharaf's situation with Wael's falls short. The Court ordered Starbuzz to pay the videoconference costs of its CEO's deposition because its corporate officer did not want to travel to the United States for his deposition. See Dkt. 46 at 1 ("Starbuzz argues that it is too costly and burdensome for [Wael] to travel to the [US] for deposition."). Here, by contrast, the Court accepts Sharaf's representation that he would have preferred to travel to the United States for his deposition, but could not make the necessary travel arrangements within the fairly tight time window provided by Salim's deposition notice. The Court also considers the fact that Sharaf has already been deposed in person once in this consolidated matter by Starbuzz.

At the same time, it is Sharaf that chose this district as the forum for his litigation against Starbuzz and its principals. This choice creates a presumption that Sharaf will appear in this district for a deposition. See In re Outsidewall Tire Litig., 267 F.R.D. 466, 471 (E.D. Va. 2010).

Under these circumstances, the Court finds that it is appropriate for the parties to share equally the videoconference costs associated with Sharaf's deposition. Salim's motion is accordingly granted in part and Sharaf is ordered to pay $3,725 to Salim within thirty (30) days of this order. Each side will bear its own attorney's fees and costs associated with this motion.

### Plaintiff's Motion for Sanctions (Dkt. 58)

Salim also moves for sanctions against Sharaf and his counsel for necessitating the ex parte application that resulted in this Court's order compelling Sharaf to appear for his videoconference deposition on November 23. See Dkt. 55. The Court will not recount the entire factual background leading up that order; it is well-familiar to the parties.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 14-00541-JVS (DFMx) | Date | December 21, 2015 |
|---|---|---|---|
| Title | Sharaf v. Starbuzz Tobacco, Inc. | | |

    Sharaf opposes the imposition of sanctions, arguing that the parties jointly believed that Judge Selna's case-management order required all depositions to commence five days before the discovery cutoff. The parties' correspondence contains at least some support for this argument, as lawyers for both sides referred to the November 17 deadline to commence depositions. (As the parties know, this Court interpreted Judge Selna's order differently, taking the view that it required only that depositions be "scheduled to commence" at least five working days before the discovery cutoff, not that depositions actually be commenced at least five days before the discovery cutoff. See Dkt. 55 at 2.) Likewise, a November 6 e-mail confirming the parties' deposition schedule referred to a "written Stipulation and Order pertaining to the" parties' agreement; an order would only be necessary if the parties believed that November 17 was the deadline for depositions to commence. Finally, even when Sharaf's counsel told Salim's counsel that he was unwilling to take depositions after November 17 without a Court order, he expressed a willingness to stipulate to extend the cutoff to permit such depositions.

    Thus, the record does not support a finding that Sharaf or his counsel acted in bad faith or committed misconduct justifying the imposition of sanctions. Salim's motion for sanctions is accordingly DENIED.

| | : | |
|---|---|---|
| | Initials of Clerk | ts |